## Alice Wall et al. v. Mattie E. Stapleton.

1.  HUSBAND AND WIFE—*Divestment of Interest of Husband in His Wife's Property a Valuable Consideration.*—The divestment of all interest, fixed or contingent, which a husband has or may have in the real and personal property of his wife is a valuable consideration, and will support a note and a mortgage given to secure it.

Foreclosure.—Error to the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding.   Heard in this court at the May term, 1897.   Affirmed.   Opinion filed December 2, 1897.

PEIRCE & PEIRCE, attorneys for plaintiffs in error.

WILLIAMS & CAPEN, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a foreclosure proceeding commenced to the February term, 1897, of the Circuit Court.

Plaintiff in error Alice Wall purchased the farm in question of one Myers, in September, 1891, taking a bond for a deed to herself and husband, Michael Wall. In February, 1895, the deed was delivered to Mrs. Wall for the farm, she and her husband joining in a first mortgage of $7,000 to Parker Bros. to pay the balance due Myers. This $7,000 loan was further secured by the Walls joining in a chattel mortgage covering all of their personal property. On the same day that the deed and mortgage to Parker Bros. were made and delivered, the mortgage and notes in controversy were made out and signed by Alice and Michael Wall, to John O'Connor; John O'Connor assigned the mortgage and notes to Eda B. Dooley and she assigned them to defendant in error.

To the bill of complaint answer was filed denying that Alice Wall ever gave John O'Connor the mortgage and notes, or that she ever owed John O'Connor any sum of money whatever, or that there was any consideration for the mortgage and notes in controversy, or that there was any legal or equitable liability against plaintiffs in error by reason of the mortgage. The cause was by agreement submitted to a special master, who found against plaintiffs in error and sustained the mortgage, finding the amount due was $2,795.65, recommending decree for that amount, also finding that Alice Wall was competent to contract February 20, 1895; that consideration for mortgage was adequate, and was a release by Michael Wall to Alice Wall of his entire interest in her property. Exceptions were filed by plaintiffs in error. On hearing of exceptions, defendant in error was allowed to file an amended and supplemental bill. A demurrer interposed to this bill by plaintiff in error, was overruled, and answers by all defendants were

filed. The court then having heard the evidence and argument on the exception, over the objection of plaintiffs in error, called witnesses in open court to testify, and after hearing additional evidence overruled the exception and entered a decree for defendant in error for the sum of $2,795.65.

Upon the trial below two defenses were interposed. First. That at the time the mortgage was executed, one of the makers, Alice Wall, was *non compos mentis.*. Second. That the mortgage was executed without consideration.

Without reviewing in this opinion the testimony of the various witnesses who testified to the mental condition of Mrs. Wall, we will say, after a careful consideration of the record, that we think she was at the time capable of transacting the ordinary business affairs of life. She had, for years, been having trouble with her husband, and had brooded over her wrongs so much that she became highly excited and irrational whenever he was the subject of conversation. The evidence shows, however, that was the extent of her derangement. We are not prepared to hold that because a woman may work herself into a frenzy in talking over real or imaginary wrongs done her by her husband that she is incompetent to do business at other times.

Mrs. Wall and her husband had been getting on very unhappily when this mortgage was executed. She was quite anxious to rid herself of him and have it so arranged that he could claim no interest in the farm she had purchased from Myers. It was agreed between them that in consideration of $2,200 he should assign all right of every kind in the land, stock, machinery, etc., and all right of inheritance in her estate. In pursuance of that agreement the notes and mortgages in controversy were executed to their son-in-law, John O'Conner. O'Conner never claimed any individual interest in them. He endorsed them in blank and left them with the attorney of Michael Wall, the husband, to be sold. They were first hypothecated to secure a loan of $1,200, and subsequently purchased by the defendant in error.

We think there was a valuable consideration for the notes and mortgage.   It was the divestment of all interest, fixed and contingent, which Michael Wall had in the real and personal property of his wife.   What she did was under the advice of counsel.   She was not imposed upon, but really initiated the negotiations, and no dissatisfaction as to the manner in which they were concluded seems to have been expressed by her until proceedings were commenced to foreclose the mortgage.

.We are of the opinion that the decree of the court below was right and should be affirmed.